IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEXUS SERVICES, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> Defendants. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, <br><br> Petitioner <br><br> v. <br><br> NEXUS SERVICES, INC., *et al.*, <br><br> Respondent | Case No. 1:17-cv-02215-ABJ <br><br><br><br><br><br><br><br><br><br> Case No. 1:17-cv-02238-ABJ <br><br> *Consolidated Cases* |

**NOTICE OF RESUMPTION OF THIRD-PARTY INVESTIGATIVE ACTIVITY**

The Bureau of Consumer Financial Protection (Bureau) notifies the Court and parties that it reserves the right to resume third-party investigative activities in the investigation relating to these matters on or after November 27, 2018.

These cases involve a Civil Investigative Demand (CID) issued by the Bureau to Nexus Services, Inc. and Libre by Nexus, Inc. (together, Nexus), in August, 2017. At the scheduling conference on December 4, 2017, the Bureau acknowledged that it had agreed, in the Court's words, "to delay further third-party discovery voluntarily" in the investigation while the Court "rule[d] on the legality of the petition to enforce the CID

itself."[1] Following that hearing, the Court issued a minute order noting, in pertinent part, that "[d]uring the scheduling conference the Court conducted with the parties on December 4, 2017, CFPB agreed to suspend . . . engag[ing] in third party discovery concerning Nexus pending the resolution of the case on the merits," and denying as moot the preliminary injunction sought in case 17-2215.[2]

Following full briefing of these matters on the merits, at the status conference on July 18, 2018 (7/18 hearing), the Court opined that, if called upon to rule, it "would be inclined to grant [the agency's petition] on the basis that the CID is plainly enforceable."[3] In light of the governing statute, the face of the CID, and the case law, the Court averred, determining whether "this is a proper CID" is not "a close question."[4] The Court also stated that Nexus's arguments in case 17-2215 for a permanent and preliminary injunction were without merit.[5] Since, given the Court's view, all that remained to be decided in the case in light of the CID's enforceability, was the scope of and timing for compliance with it, the Court proposed that the parties enter into mediation,[6] which, in due course, the parties did.[7]

Even so, as the Court acknowledged at the 7/18 hearing, the Bureau continued its commitment to voluntary abstention from third-party investigation,[8] and the Bureau

---

[1] Tr. (12/4/17 hearing) at 7.
[2] Minute Order, Dkt. 13, 12/4/17.
[3] Tr. (7/18/18 hearing) at 9-10.
[4] Tr. (7/18/18 hearing) at 18-19.
[5] Tr. (7/18/18 hearing) at 29.
[6] Tr. (7/18/18 hearing) at 18-20.
[7] Dkt. 33 (case no. 17-2215), Aug. 7, 2018.
[8] Tr. (July 18 hearing) at 31-32. The Bureau notes, however, that its third-party investigative activities in this matter have not been solely or chiefly directed at attempting to acquire information that is also in the possession of Nexus.

continued to maintain that commitment in good faith through three months of mediation commencing August 7.

Today, the parties have informed the Court that the parties did not reach an agreement at the conclusion of mediation and the Bureau believes that further efforts at mediation would be fruitless.

More than eleven months have passed since the Bureau voluntarily suspended its third-party investigation. In nearly every law-enforcement investigation, including this one, third-party contacts are not only a customary but a vital source of information—most of it unavailable from the subject of investigation itself. As memories fade, witnesses disappear, and documents are lost or destroyed, the Bureau's investigation—and the public and governmental interests that underlie it—may be severely prejudiced unless the Bureau promptly resumes its investigational activities regarding third parties.

Accordingly, given the Court's unequivocal and detailed statements at the July 18 that it intends to resolve the merits of these cases in the Bureau's favor, and the fact that mediation efforts in this matter have now reached impasse, the Bureau notifies the Court and the parties that it reserves the right to resume its third-party investigative activities on or after November 27, 2018.

November 6, 2018

                                    Respectfully submitted,

Mary McLeod
    *General Counsel*
John R. Coleman
    *Deputy General Counsel*
Steven Y. Bressler (D.C. Bar No. 482492)
    *Assistant General Counsel*

/s/ David A. King Jr.
David A. King Jr. (Maryland Bar, member in good standing)
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
(202) 435-9289
david.king@cfpb.gov
*Counsel for Consumer Financial Protection Bureau in Case No. 17-2215*

Kristen Donoghue (D.C. Bar No. 456707)
    *Enforcement Director*
Jeffrey Paul Ehrlich (D.C. Bar No. 439088)
    *Deputy Enforcement Director*
Kara Miller
    *Assistant Litigation Deputy*

/s/ Hai Binh T. Nguyen
Hai Binh T. Nguyen (CA Bar No. 313503)
Donald R. Gordon (D.C. Bar No. 482384)
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
(202) 435-7251 (Nguyen)
haibinh.nguyen@cfpb.gov
(212) 328-7011 (Gordon)
donald.gordon@cfpb.gov

*Counsel for Consumer Financial Protection Bureau in Case No. 17-2238*