IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CONSUMER FINANCIAL
PROTECTION BUREAU,

    Petitioner,

v.

NEXUS SERVICES, INC., *et al.*,

    Respondents.

Case No. 1:17-cv-02238-ABJ

## MOTION TO ENFORCE THE COURT'S DECEMBER 11 ORDER AND THE TERMS OF THE BUREAU'S MODIFIED CID AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

The Consumer Financial Protection Bureau (Bureau) files this motion and supporting memorandum seeking an order directing Nexus Services, Inc., and Libre by Nexus, Inc. (together, Nexus) to comply with this Court's December 11, 2018 order (Order) and the civil investigative demand issued by the Bureau and modified by agreement of the parties (Modified CID).

After mediation to resolve actions before this Court, Nexus agreed to comply with the Modified CID, and on December 11, 2018, the Court granted the Bureau's petition to enforce its CID and directed Nexus to comply with the Modified CID. Now, Nexus refuses to produce audio recordings of phone calls as required by Document Request 7 of the Modified CID. There is no indication that Nexus will comply with the Order absent further judicial intervention.

## BACKGROUND

### A.  Litigation Resulting in the Court's Order

The Bureau issued a CID to Nexus on August 21, 2017. Rather than complying with the CID, Nexus brought suit against the Bureau in October of 2017, arguing, among other things, that the CID's requests were burdensome.[1] The Bureau then petitioned to enforce the CID.[2] The parties agreed, at the Court's suggestion, to engage in mediation to resolve the scope of the CID,[3] and the Court referred the cases to mediation on August 7, 2018.[4]

The parties reached a settlement memorialized in a Stipulation,[5] which the Court adopted in its Order entered on December 11, 2018.[6] The Order granted the Bureau's petition to enforce the CID as modified during the mediation and directed Nexus to comply with the Modified CID.[7]

### B.  Document Requests 7(b) through 7(e) of the Modified CID

This motion concerns Document Requests 7(b) through 7(e) of the Modified CID, which required the production of a volume of documents substantially reduced from what the original CID required. Document Request 7 of the original CID sought:

> All documents memorializing communications with clients or potential clients who were offered products or services related to an immigration bond, including, without limitation, written logs, databases, *sound*

---

[1] *See* Compl. ¶¶ 39–40, 81–93, *Nexus Servs., Inc. v. CFPB*, No. 17-cv-2215-ABJ (D.D.C. Oct. 25, 2017).
[2] Pet. to Enf. Civil Investigative Demand, ECF No. 1.
[3] ECF No. 21; *see* Hearing Tr. (Jul. 18, 2018) 23:17–24.
[4] ECF No. 22.
[5] ECF No. 28.
[6] ECF No. 29.
[7] *Id*. ¶¶ 1, 2.

> *recordings of phone calls*, text messages, emails, and instant and social media messages.[8]

The applicable period for responsive materials was "January 1, 2014 until the date of full and complete compliance with this CID."[9] As of early 2018, Nexus claimed it had "almost 20,000" current or former clients[10] whose "immigration cases can stretch over years."[11] Nexus has indicated that it maintains "24/7 nationwide logistics call and support centers" for its clients.[12] Assuming each client had one or more phone calls to or from Nexus's call center, phone calls responsive to the original CID likely numbered in the tens or hundreds of thousands.

As modified, Document Request 7 substantially reduced the scope and amount of documents requested, seeking:

> The following documents, after redacting all consumer names and alien numbers:
>
> a. All e-mails relating to QA Reports, including QA Reports and any other attachments that are not Capsule files and that are not sound recordings;
> b. All sound recordings of phone calls referenced in 1 QA Report per month, for a minimum of 500 calls;
> c. All sound recordings referenced in QA Reports and requested by the Bureau, up to a maximum of 250 calls;
> d. A random sample of sound recordings of 300 phone calls over 4 minutes from 2014; and
> e. A random sample of sound recordings of 300 phone calls over 4 minutes from 2015.[13]

---

[8] ECF No. 1-5, at 7 (emphasis added).
[9] *Id.*, Instruction C.
[10] ECF No. 5, at 2 n.1.
[11] *Id.* at 9.
[12] ECF No. 13-2, ¶ 17(b) (Case No. 17-2215).
[13] Ex. A-1 (Modified CID requests, Dec. 4, 2018), at 4. *See* Decl. of Hai Binh T. Nguyen in Supp. of Mot. to Enforce the Court's December 11 Order and the Terms of the Bureau's Modified CID, filed herewith, Apr. 12, 2019 (Nguyen Decl.), ¶ 4. All exhibits cited herein are attached to the Nguyen Decl.

Instead of requesting all communications with clients, including text messages, instant messages, and social-media messages, the modified request required the production of only one narrow category of internal emails and roughly 1,350 phone-call recordings with minimal redactions. Nexus recently informed the Bureau that of the 1,350 call recordings sought by the Modified CID, about 600 had been destroyed, reducing the burden of compliance with this portion of the request by nearly half.[14]

### C. Nexus's Non-Compliance

Under the Modified CID, the call recordings were to be produced in tranches, beginning on March 1, 2019.[15] The first production of phone calls, responsive to Document Request 7(b), was due on March 1, 2019. As of the date of this filing, Nexus has produced no call recordings to the Bureau.[16]

Nexus has represented to the Bureau that redaction of the call recordings poses an undue burden, and in a good-faith attempt to resolve the matter, the Bureau offered to accept the calls unredacted[17] or, alternatively, to accept redacted calls after the due date.[18] Nexus has not agreed to either offer.[19]

---

[14] Document Requests 7(d) and 7(e) required the production of 300 phone calls from 2014 and 300 phone calls from 2015, respectively. Three months after Nexus stipulated to comply with these requests, Nexus confessed that it could not do so. *See* Ex. E (Letter, Brundage to Nguyen, Mar. 15, 2019). Nexus informed the Bureau for the first time that its vendor had destroyed phone calls responsive to those requests under the vendor's retention policy. *Id.*; Ex. F (Letter, Nguyen to Brundage, Mar. 22, 2019).

[15] Ex. A (Letter, Ehrlich to Peters, Dec. 4, 2018), at 2.

[16] Nguyen Decl. ¶ 13.

[17] Ex. D (Letter, Nguyen to Troy, Mar. 14, 2019).

[18] Nguyen Decl. ¶ 12.

[19] *Id.*; Ex. C (Letter, Troy to Nguyen, Mar. 21, 2019).

### D. Statement under Local Civil Rule 7(m)

On March 22, 2019, Bureau counsel met and conferred telephonically with counsel for Nexus under Local Civil Rule 7(m).[20] Nexus opposes the motion.

### ARGUMENT

During a year of litigation concluding with four months of mediation, Nexus freely bargained for the reduced scope of the Modified CID while represented by multiple, sophisticated counsel. Nexus agreed to terms it negotiated, and this Court issued an Order directing Nexus "to comply with the Modified CID."[21] Nexus now refuses to comply with material portions of the Order, citing purportedly greater than anticipated time and expense that it says it discovered only "upon further review,"[22] *i.e.*, long after it had agreed to the Modified CID and the Order had been entered. Nexus requests further negotiation and additional modification of the CID. But the time for bargaining and compromise is past.

Nexus is flouting the Court's Order. The Order was entered and took effect on December 11, 2018.[23] The Order required Nexus to comply with the Modified CID,[24] which, among other things, required Nexus to produce about 1,350 phone-call recordings responsive to Document Requests 7(b) through 7(e), with consumer names and alien numbers redacted, on a series of dates beginning on March 1, 2019.[25] Nexus did not produce any calls on March 1 as required by the Order or at any other time.[26]

---

[20] Nguyen Decl. ¶ 12.
[21] ECF No. 29, ¶ 2.
[22] *See* Ex. B (Letter, Troy to Nguyen, Feb. 19, 2019), at 3.
[23] ECF No. 29.
[24] *Id*. ¶ 2.
[25] Ex. A-1 at 4; Ex. A at 2.
[26] Nguyen Decl. ¶ 13.

To excuse its refusal to obey the Court's Order with respect to phone-call recordings, Nexus has stated that it agreed to the Modified CID because it "initially believed that this was something that was feasible," but that "upon further review" it discovered the "burden, expense and time" of compliance, and that it "regrets it did not broach this issue previously but the reality of the cost requirements only recently became apparent throughout the document review and production process."[27] That Nexus claim it only *recently* became aware of the burden of producing call recordings is undermined by its own October 2017 suit against the Bureau. There, Nexus alleged that, as early as August 30, 2017, it provided "in detail, the reasons that compliance with certain requests in the Nexus CID [including Document Request 7] would be extraordinarily burdensome, prohibitively expensive, and significantly time-consuming for the [sic] Nexus."[28] Even if Nexus did not know about the cost of redacting phone calls in August 2017, Nexus could have raised those issues in the mediation over the scope of the CID that extended into December 2018.[29] In any event, the claim is irrelevant to the Court's determination of whether Nexus violated the Court's Order.

Nexus's objections come too late. Nexus was free to pursue whatever remedies and revisions to the CID it saw fit during thirteen months of litigation and four months of mediation—and even before.[30]

---

[27] Ex. B at 3.

[28] Compl. ¶¶ 39–40 (Case No. 17-2215).

[29] *See, e.g.,* Hearing Tr. (Jul. 18, 2018) 23:17–24 (asking whether the parties would consider mediation to "get into the nitty-gritty" of the CID), 33:9–22 (listing examples of CID requests that the parties would discuss in mediation, including "[a]ll documents memorializing communications with clients or potential clients").

[30] *See* Decl. of Hai Binh T. Nguyen in Supp. of Pet. to Enf. Civ. Invest. Demand, ECF No. 1-3, ¶¶ 6–7 (noting that on its first phone call with Nexus on August 30, 2017, Bureau staff urged Nexus to memorialize its concerns about purported undue burden for

"When a party participates in drafting [an] order," as Nexus did here, "it does (or is held to have done) so with an understanding of what it can reasonably accomplish."[31] Moreover, "when a party makes a deliberate, strategic choice to settle," as Nexus also did, "she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect."[32]

Permitting Nexus to proceed on its present course would in effect allow it to reopen the two cases settled by the Court's December 2018 Order based on information that Nexus reasonably ought to have obtained during litigation and mediation. This is unacceptable, for it would simply "reward [a] lack of diligence."[33] Further delay would also prejudice the Bureau, which bargained for the fixed production schedule embodied in the Modified CID after enduring a year-long hiatus to its investigation as a result of Nexus's lawsuit and its failure to comply with the Bureau's lawful CID.

In an effort to avoid further litigation, the Bureau offered to accept unredacted phone calls from Nexus, since this would appear to address *in toto* Nexus's concerns about cost.[34] The Bureau also offered to accept the response to Document Request 7(b) on April 5, more than a month after its original due date, if Nexus would agree by March

---

Bureau supervisors, who are empowered to grant CID modifications, but that Nexus never did so).

[31] *Cobell v. Babbitt*, 37 F. Supp. 2d 6, 10 (D.D.C. 1999) (citations and quotations omitted).

[32] *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting *United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir.1994)).

[33] *Allen v. District of Columbia*, No. CV 00-591, 2018 WL 4901074, at *3 (D.D.C. Oct. 9, 2018).

[34] Ex. D at 2.

25 and reaffirm its obligations under Document Request 7(c).[35] Nexus accepted neither offer.[36]

Nexus has refused to comply with the Modified CID and this Court's Order without good cause, and it should be directed to immediately produce the responsive documents.

## CONCLUSION

For all of the foregoing reasons, the Bureau respectfully requests that the Court issue an order directing Nexus to immediately produce redacted audio recordings as requested by Document Request 7 of the Modified CID or, alternatively, to produce those audio recordings unredacted.

April 12, 2019                                    Respectfully submitted,

Kristen A. Donoghue (D.C. Bar No. 456707)
*Enforcement Director*
Jeffrey Paul Ehrlich (D.C. Bar No. 439088)
*Deputy Enforcement Director*
Kara K. Miller
*Assistant Litigation Deputy*

/s/ Hai Binh T. Nguyen
Hai Binh T. Nguyen (CA Bar No. 313503)
Donald R. Gordon (D.C. Bar No. 482384)
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, D.C. 20552
(202) 435-7251 (Nguyen)
haibinh.nguyen@cfpb.gov
(212) 328-7011 (Gordon)
donald.gordon@cfpb.gov

*Counsel for Consumer Financial Protection Bureau*

---

[35] Nguyen Decl. ¶ 12.
[36] *Id.*; Ex. C.

8